**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Robert Wayne Bishop, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4-10-cv-01833-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Jovan S. Vazquez and The City of | ) | |
| North Charleston, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation ("Report"), [Doc. 54], filed on December 14, 2011, recommending that Defendants' Motion for Summary Judgment, [Doc. 32], regarding Plaintiff's various causes of action under 42 U.S.C. § 1983 be granted in part and denied in part. In the Report, the Magistrate Judge recommended that summary judgment be granted as to all of Plaintiff's claims against the City of North Charleston and his claim against Defendant Jovan S. Vazquez ("Vazquez") for deliberate indifference to serious medical needs; and that summary judgment be denied as to Plaintiff's claim for excessive force against Vazquez. The Magistrate Judge further recommended that Plaintiff's claim for unlawful seizure be dismissed against both parties, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423

U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Parties filed objections to the Magistrate Judge's Report. Objections to the Report must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's Report herein without a recitation.

The court first addresses Defendants' Objection to the Report and Recommendation, [Doc. 58]. Defendants object to the Magistrate Judge's recommendation that summary judgment be denied as to Plaintiff's claim for excessive force against Vazquez. Specifically, Defendants object that in opposing Defendants' Motion for Summary Judgment, [Doc. 32], regarding Plaintiff's claim of excessive force, Plaintiff solely relies on the allegations of his Complaint, [Doc. 1], and has provided no evidence or substantive proof of such allegations. Plaintiff filed a verified Complaint, which is signed by Plaintiff, and in which Plaintiff declares under penalty of perjury that it is true and correct. Generally, a party opposing a motion for summary judgment may not "merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion." *Williams*

*v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "However, a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Id.* (citing *Davis v. Zahradnick*, 600 F.2d 458, 459-60 (4th Cir. 1979)). Accordingly, to the extent that the allegations in Plaintiff's Complaint are based upon Plaintiff's personal knowledge, they may be used to support Plaintiff's claims.

The court now turns to the objections submitted by Plaintiff.[1] Plaintiff objects to the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment be granted with regard to Plaintiff's claim of unlawful seizure. The Magistrate Judge noted that Plaintiff's claim is barred because Plaintiff failed to show that his conviction for failure to stop for a blue light had been overturned or otherwise invalidated, which is a necessary predicate to recovery of damages under Section 1983 on a claim which necessarily implies the invalidity of the conviction. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff appears to request that the court refrain from ruling on Plaintiff's unlawful seizure claim while Plaintiff "awaits documents in support of his filing his order for the destruction, dismissal, expungement, and removal of any and all charges, convictions, etc. and arrest records pertaining to the 8-13/8-14-08 incident involving [Plaintiff] and [Vazquez]." [Doc. 61]. However, the court notes that although Plaintiff seeks the "destruction, dismissal, expungement, and removal" of his conviction, his claim remains barred until Plaintiff's conviction is actually overturned or otherwise invalidated. Accordingly, the court declines Plaintiff's request.

---

[1] Plaintiff's objections are contained in two documents filed on December 29, 2011. [Doc. 61; Doc. 64].

Plaintiff objects to the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment be granted with regard to Plaintiff's claims against the City of North Charleston. Plaintiff does not make any specific objections regarding his claims against the City of North Charleston, rather, Plaintiff generally objects to the Magistrate Judge's recommendation that summary judgment be granted with regard to the claims. The Magistrate Judge appropriately found that Plaintiff has failed to support his claims that the City of North Charleston maintained a policy or custom resulting in or tolerating unconstitutional seizures, excessive force, or unconstitutional suppression of evidence during criminal prosecutions.

Plaintiff objects to the Magistrate Judge's recommendation that Defendants' Motion for Summary Judgment be granted with regard to Plaintiff's claim for deliberate indifference. Plaintiff argues that Defendant Vazquez should have known that Plaintiff was in serious need of immediate medical treatment because Plaintiff had obvious injuries in that he was covered in blood from his forehead to his waist, had a bone protruding from his nose, and had broken teeth. Plaintiff argues that he should have been transported directly to the hospital, but instead Vazquez stopped and had a snack, drink, and casual cell phone conversation while Plaintiff was in severe pain and bleeding in the back seat of Vazquez's patrol car. Plaintiff alleges that he was taken to Charleston County Detention Center, and due to the severity of his injuries, the detention center would not admit Plaintiff. Plaintiff claims, however, that Vazquez stopped again to drink a cup of coffee in the parking lot of a convenience store on the way to the hospital while Plaintiff was still covered in blood, in severe pain, and had trauma to his face. Plaintiff contends these delays in his medical treatment and resulting injuries were caused by Defendants' deliberate indifference.

The preceding allegations are contained in Plaintiff's objections to the Report; however, these allegations were not alleged in his verified Complaint, and were not supported, by affidavit or otherwise, in his Response to Defendants' Motion for Summary Judgment. Noting that Plaintiff failed to support the allegations in his Response to Defendants' Motion for Summary Judgment and that such allegations were not before the Magistrate Judge, the court does not consider them here. *See* Fed. R. Civ. P. 56(e). The court finds that the Magistrate Judge appropriately addressed Plaintiff's deliberate indifference claim.

Plaintiff also brings a claim against Vazquez for obstruction of justice. The Magistrate Judge did not address this claim in the Report. Specifically, Plaintiff alleges that Vazquez "failed to comply with discovery during the Plaintiff's criminal prosecution, and . . . intentionally withh[eld] exculpatory material from the Plaintiff and Plaintiff's counsel." [Doc. 1]. However, the court finds that Plaintiff has failed to sufficiently support such allegations. The court notes that Plaintiff has submitted to the court a letter from Terry L. Walker, Esq. regarding Plaintiff's arrest which states that, "[Terry L. Walker] requested Discovery from the North Charleston Police Department but never received it." [Doc. 39-2]. The letter does not refer specifically to Vazquez, and does not indicate that Vazquez failed to comply with discovery or intentionally withheld information from Plaintiff or Plaintiff's counsel. Accordingly, the court finds the letter is not sufficient to support Plaintiff's claim.

Therefore, after extensive review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein as modified below.

**CONCLUSION**

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment [Doc. 32] be **GRANTED IN PART** and **DENIED IN PART.**  Defendants' Motion for Summary Judgment is **GRANTED** as to Plaintiff's claims for deliberate indifference and obstruction of justice as to both Defendants, and **GRANTED** as to Plaintiff's claim for excessive force as to Defendant the City of North Charleston.  Defendants' Motion for Summary Judgment is **DENIED** as to Plaintiff's claim for excessive force against Defendant Jovan S. Vazquez.  Additionally, Plaintiff's claim for unlawful seizure is **DISMISSED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 14, 2012
Greenville, South Carolina